**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM; and MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:24-cv-06428 |
| v. | ) ) | Hon. Judge: Andrea R. Wood |
| | ) | Mag. Judge: Jeannice W. Appenteng |
| DOCK & DOOR INSTALL, INC. an Illinois Corporation and MIDWEST DOCK SOLUTIONS, INC., an Illinois Corporation, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MIDWEST DOCK SOLUTIONS, INC.'S ANSWER AND**
**DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COMES the Defendant, MIDWEST DOCK SOLUTIONS, INC. ("Midwest Dock"), by and through its attorneys, Amundsen Davis, LLC, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, Defendant states as follows:

**SUMMARY OF ACTION**

1.     During the course of an audit of DOCK & DOOR, Legacy Professionals, LLP ("Legacy") identified MIDWEST DOCK as a related employer to DOCK & DOOR based upon information gathered by Legacy. Although DOCK & DOOR produced records to Legacy during the audit, DOCK & DOOR and MIDWEST DOCK did not produce all records requested by Legacy related to MIDWEST DOCK and, therefore, Legacy was unable to complete the audit.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

2.      As more fully described herein, TRUST FUNDS bring this action against the DEFENDANTS under ERISA because DEFENDANTS breached the provisions of the Memorandum of Agreements, the Area Agreements, the Trust Agreements and the rules adopted by the TRUST FUNDS by failing to produce records required by Legacy to determine whether DEFENDANTS have complied with their obligations to contribute to the TRUST FUNDS and/or by failing to pay amounts owed to the TRUST FUNDS based upon the hours worked by employees and/or subcontractors performing work within the jurisdiction of the Union.

**ANSWER:** Defendant Midwest Dock admits that the Trust Funds bring this action purportedly under ERISA. Defendant Midwest Dock denies it is party to, or bound by, any of the alleged Memorandum of Agreements, Area Agreements, and/or Trust Agreements and denies any rules purportedly adopted by the Trust Funds apply to Defendant Midwest Dock.  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

3.      TRUST FUNDS seek to obtain the records necessary to determine the amount of any unpaid fringe benefit contributions owed by DEFENDANTS and to collect all unpaid fringe benefit contributions, interest, liquidated damages, auditors' fees and attorneys' fees and costs.

**ANSWER:** Defendant Midwest Dock admits the Trust Funds seek to obtain records and alleged unpaid contributions, damages, fees and costs. Defendant Midwest Dock denies it has any obligation to make contributions to the Trust Funds, or any obligation to the Trust Funds of any kind or nature. Defendant Midwest Dock denies the remaining allegations in the above paragraph.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter based on questions arising under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185).

**ANSWER:** Defendant Midwest Dock admits the allegations in the above paragraph.

5.     Venue is proper in the Northern District of Illinois, Eastern Division because the TRUST FUNDS are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

**ANSWER:**  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

## PLAINTIFFS

6.     The TRUST FUNDS receive contributions from numerous employers pursuant to collective bargaining agreements or "Area Agreements" between the employers and the Mid-America Carpenters Regional Council f/k/a Chicago Regional Council of Carpenters (hereinafter referred to as the "UNION"), and therefore, are multiemployer plans. See 29 U.S.C. §1002.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

7.     The TRUST FUNDS collect contributions on their own behalf and on behalf of other Union-related trust funds which have charged the TRUST FUNDS with the obligation to collect contributions on their behalf.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

8.      The TRUST FUNDS provide medical, pension and other benefits to UNION carpenters and other persons pursuant to certain terms and conditions.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

9.      An employer bound by the Area Agreements is obligated to pay to the TRUST FUNDS fringe benefit contributions for the hours (i) worked by its employees falling within the scope of the Area Agreement and (ii) by the employees of its non-union subcontractors performing work within the scope of the Area Agreement if the employer has not required the subcontractor to become bound by the terms of the Area Agreement.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

10.     The TRUST FUNDS routinely hire certified public accounting firms to review the books and records of an employer bound by the Area Agreement to determine if the employer has paid the fringe benefit contributions required by the Area Agreement for the hours worked by its employees falling within the scope of the Area Agreement and the hours worked by the employees of its non-union subcontractors.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

## DEFENDANTS

11.     DOCK & DOOR was incorporated in Illinois on July 11, 2014. DOCK & DOOR is an employer engaged in an industry affecting commerce. DOCK & DOOR entered into a Memorandum of Agreement with the UNION on September 18, 2014, a copy of which is attached as Exhibit A. DOCK & DOOR entered in to a Second Memorandum of Agreement with the

4

UNION on August 15, 2019 reaffirming its obligations, a copy of which is attached as Exhibit B. Exhibits A and B are collectively referred to herein as the "Memoranda."

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

12.    In the Memoranda, DOCK & DOOR agreed, among other things to be bound (i) by the provisions of the Area Agreements, (ii) by the Trust Agreements establishing the TRUST FUNDS to which DOCK & DOOR is obligated to make payments under the Area Agreement ("Trust Agreements"), and (iii) by the rules and regulations adopted by the TRUST FUNDS.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

13.    The Memoranda, the Area Agreements, the Trust Agreements, and the rules and regulations adopted by the Trust Funds are hereinafter collectively referred to as the "Agreements."

**ANSWER:** Defendant Midwest Dock admits the Trust Funds refer to the listed documents as the "Agreements," but denies that it is, or at any time was, bound to any such Agreements.

14.    MIDWEST DOCK was incorporated in Illinois on May 16, 2006. MIDWEST DOCK is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendant Midwest Dock admits the allegations in the above paragraph.

15.    MIDWEST DOCK is bound by the Area Agreements under the single-employer and/or alter-ego doctrines as set forth for example in *Lippert Tile Co. v. Int'l Union of Bricklayers & Allied Craftsmen*, 724 F.3d 939, 946 (7th Cir. 2013), *Trustees of Pension Funds of Local 701 v. Favia Elec.*, 995 F.2d 785, 789 (7th Cir. 1993), *Chicago Regional Council of Carpenters Pension Fund v. TMG Corporation*, 206 F.Supp.3d 1351, 1356-60 (N.D. Ill. 2016).

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

## GENERAL ALLEGATIONS

16.     DOCK & DOOR was formed to provide a means for MIDWEST DOCK to perform jobs that require UNION labor while at the same time avoiding the obligations imposed by the Agreements with the Union.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

17.     DOCK & DOOR and MIDWEST DOCK are in the same business.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

18.     DOCK & DOOR is in the business of installing and/or repairing loading dock equipment including dock levelers and doors.

**ANSWER:** Defendant Midwest Dock admits that Dock & Door is in the business of installing loading dock equipment, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

19.     MIDWEST DOCK is in the business of installing and/or repairing loading dock equipment including dock levelers and doors.

**ANSWER:** Defendant Midwest Dock admits the allegations contained in the above paragraph.

20.     The relationship between DOCK & DOOR and MIDWEST DOCK provides a means for the companies to obtain union work and to avoid paying fringe benefit contributions to the TRUST FUNDS for bargaining unit work performed by employees and subcontractors.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

21.     The business transactions, management and operations of DOCK & DOOR and MIDWEST DOCK are and have been so interrelated and intermingled that MIDWEST DOCK is bound by the terms of the Agreements.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

22.     DOCK & DOOR and MIDWEST DOCK do not maintain an arms-length relationship. DOCK & DOOR is operated and controlled by the owners and management of MIDWEST DOCK as evidenced by the following and therefore the companies have de facto common ownership.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

23.     DOCK & DOOR only performs work for and at the direction of MIDWEST DOCK. DOCK & DOOR and MIDWEST DOCK have the same customers; the companies for which DOCK & DOOR performs its work are MIDWEST DOCK's customers.

**ANSWER:** Defendant Midwest Dock admits it subcontracts work to Dock & Door, but denies the remaining allegations contained in the above paragraph.

24.     During the period October 1, 2020 to December 31, 2022, DOCK & DOOR received approximately $473,514.50 from MIDWEST DOCK. It did not receive payments from other companies for work.

**ANSWER:** Defendant Midwest Dock denies the allegations in the first sentence of the above paragraph. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

25.     During the period July 1, 2017 to December 31, 2018, DOCK & DOOR received approximately $1,149,080.75 from MIDWEST DOCK. Again, it did not receive payments from other companies for work.

**ANSWER:** Defendant Midwest Dock denies the allegations in first sentence of the above paragraph. Defendant Midwest Dock is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

26. DOCK & DOOR's records produced to Legacy reveal a lack of normal operating expenses associated with the operation of a company involved in the installation and repair of dock equipment such as dock levelers and overhead doors, such as rent, office staff, and equipment. Accordingly, DOCK & DOOR uses MIDWEST DOCK's office, office staff, and equipment.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the above paragraph, and therefore denies the same. Defendant Midwest Dock denies the remaining allegations contained in the above paragraph.

27. The businesses of DOCK & DOOR and MIDWEST DOCK require the use of heavy duty equipment including metal working equipment and welding equipment, and the use of trucks to haul materials and supplies to the jobsites. MIDWEST DOCK has numerous trucks registered to it that are used for this purpose, including trucks like these:



8

 

DOCK & DOOR has no expenses for trucks and equipment like that shown here. Accordingly, DOCK & DOOR uses the trucks and/or equipment belonging to MIDWEST DOCK to perform work.

**ANSWER:** Defendant Midwest Dock admits that its business requires the use of heavy duty equipment and trucks. On information and belief, Midwest Dock admits that Dock & Door's business at times may require use of heavy duty equipment and trucks. Midwest Dock admits that it has trucks registered to it. Midwest Dock admits that Dock & Door has used Midwest Dock's trucks and equipment, but denies that such usage is not part of an arm's-length business transaction, and further denies that such usage is not reflected in the pricing between the two companies. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

28.     DOCK & DOOR and MIDWEST DOCK share common professional service providers.

9

**ANSWER:** Defendant Midwest Dock admits that it and Defendant Dock & Door may both utilize certain common professional service providers. Defendant Midwest Dock denies such professional service providers are "shared" by it and Defendant Dock & Door.

29. DOCK & DOOR and MIDWEST DOCK both use Gineris & Associates, Ltd. to perform accounting, bookkeeping, and/or tax preparation services.

**ANSWER:** Defendant Midwest Dock admits that it utilizes Gineris & Associates for certain accounting, bookkeeping, and tax preparation services. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

30. DOCK & DOOR and MIDWEST DOCK both use First Midwest Bank for banking services.

**ANSWER:** Defendant Midwest Dock admits that it utilizes First Midwest bank for banking services. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

31. DOCK & DOOR and MIDWEST DOCK both use the services of a common law firm, namely Lawrence Kamin Saunders & Uhlenhop, LLC.

**ANSWER:** Defendant Midwest Dock admits that it utilizes Lawrence Kamin Saunders & Uhlenhop, LLC from time to time for certain legal services. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

32. DOCK & DOOR and MIDWEST DOCK both use Cincinnati Insurance Company for insurance purposes.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph as to itself. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

33.     DOCK & DOOR does not maintain a separate office from MIDWEST DOCK. DOCK & DOOR operates from MIDWEST DOCK's location and, as a result, both companies move from one location to another at the same time.

**ANSWER:** Defendant Midwest Dock admits that Dock & Door operates from the same street address as Midwest Dock, but denies that Dock & Door does not maintain a separate office. Defendant Midwest Dock denies the remaining allegations in the above paragraph.

34.     DOCK & DOOR and MIDWEST DOCK both had a common address of 1249 E. Burville Road, Crete, Illinois as a common business location at the same time.

**ANSWER:** Defendant Midwest Dock admits that both it and Defendant Dock & Door utilized the street address listed in the above paragraph at the same time, but denies the remaining allegations in the above paragraph.

35.     Then, both DOCK & DOOR and MIDWEST DOCK used 3211 Holeman Avenue, South Chicago Heights, IL as a common business location at the same time.

**ANSWER:** Defendant Midwest Dock admits that both it and Defendant Dock & Door utilized the street address listed in the above paragraph at the same time, but denies the remaining allegations in the above paragraph.

36.     Then both DOCK & DOOR and MIDWEST DOCK used 27 E. 36th Street, Steger, Illinois as a common business location at the same time and both currently work from that location.

**ANSWER:** Defendant Midwest Dock denies that it ever has utilized the address listed above, but admits that both it and Defendant Dock & Door currently utilize the street address 27 E. 36th Place, Steger, Illinois. Defendant Midwest Dock denies the remaining allegations in the above paragraph.

37.     Invoices issued by DOCK &DOOR to MIDWEST DOCK include the same address for both companies.

**ANSWER:** Defendant Midwest Dock admits the allegations in the above paragraph.

38.     For example, this excerpt of invoice 2387 from DOCK & DOOR to MIDWEST DOCK shows the same address of 1249 E. Burville Rd., Crete, IL for both companies:



And, this excerpt of an another invoice 6186 from DOCK & DOOR to MIDWEST DOCK showing the same address of 27 E. 36th Place, Steger, IL for both companies:



**ANSWER:** Defendant Midwest Dock admits the allegations in the above paragraph.

39.     During the course of its audit, Legacy demanded documents necessary to determine the amount of fringe benefit contributions owed by DOCK & DOOR. The records requested by Legacy included the payroll records and cash disbursement records of MIDWEST DOCK.

**ANSWER:** Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph, and therefore denies the same.

40.     DOCK & DOOR and MIDWEST DOCK have common employees, so there is reason to believe that employees of DOCK & DOOR are being paid through MIDWEST DOCK and/or that MIDWEST DOCK employees are being paid to work on DOCK & DOOR projects without fringe benefit contributions being paid on the employees' behalf.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

41.     MIDWEST DOCK is bound to the terms of the Agreements under the single-employer or alter ego doctrine.

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph.

42.     The Agreements require DEFENDANTS to pay fringe benefits to the TRUST FUNDS.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

43.     The Agreements require DEFENDANTS to contribute to the TRUST FUNDS for each hour worked by DEFENDANTS' employees performing work within the scope of the Area Agreements at the rate and in the manner specified in the Agreements.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

44.     The Agreements require DEFENDANTS to contribute to the TRUST FUNDS according to the hours worked by the employees of non-union subcontractors performing work within the scope of the Area Agreement which have not signed an agreement to be bound by the Area Agreement with the UNION.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

45.     The Agreements require DEFENDANTS to provide all records necessary for the TRUST FUNDS to determine whether DEFENDANTS have complied with their obligation to contribute to the TRUST FUNDS.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

## **COUNT I**

37.[*sic*]     The PENSION FUND hereby incorporates paragraphs 1 to 44 above as though fully set forth herein.

**ANSWER:** Defendant Midwest Dock hereby incorporates its answers to paragraphs 1 to 44 above as though fully set forth herein.

38.[*sic*]　　　DOCK & DOOR and MIDWEST DOCK breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the PENSION FUND to determine whether DEFENDANTS have complied with their obligations to contribute to the PENSION FUND and/or by failing to pay amounts owed to the PENSION FUND based upon the hours worked by employees and/or subcontractors.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph, and therefore further denies that it breached any aspect of the Agreements. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

39.[*sic*]　　　The Agreements require DOCK & DOOR and MIDWEST DOCK to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the PENSION FUND incurs in the collection process.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

40.[*sic*]　　　The PENSION FUND has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies that any conditions precedent would allow the Pension Fund to bring suit against it. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

41.[*sic*]        The PENSION FUND has been required to employ the undersigned attorneys to collect the amounts that DOCK & DOOR and MIDWEST DOCK owe the PENSION FUND.

**ANSWER:** Defendant Midwest Dock denies it owes any amounts to the Pension Fund and therefore denies the allegations in the above paragraph as they purport to relate to Midwest Dock. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

42.[*sic*]        DOCK & DOOR and MIDWEST DOCK must pay attorneys' fees and court costs that the PENSION FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph as purport to relate to it. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

43.[*sic*]        This Court should award the PENSION FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

**ANSWER:** Defendant Midwest Dock denies any amount is "due" to the Pension Fund from Midwest Dock and denies the remaining allegations in the above paragraph.

44.[*sic*]        This Court should award the PENSION FUND, pursuant to 29 U.S.C.

§1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on the unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Defendant Midwest Dock denies the Pension Fund is entitled to any amounts whatsoever and therefore denies the allegations contained in the above paragraph.

## <u>COUNT II</u>

45.[*sic*]       The HEALTH FUND hereby incorporates paragraphs 1 to 44 above as though fully set forth herein.

**ANSWER:** Defendant Midwest Dock hereby incorporates its answers to paragraphs 1 to 44 above as though fully set forth herein.

46.[*sic*]       DOCK & DOOR and MIDWEST DOCK breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the HEALTH FUND to determine whether DEFENDANTS have complied with their obligations to contribute to the HEALTH FUND and/or by failing to pay amounts owed to the HEALTH FUND based upon the hours worked by employees and/or subcontractors.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph, and therefore further denies that it breached any aspect of the Agreements. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

47.[*sic*]       The Agreements require DOCK & DOOR and MIDWEST DOCK to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the HEALTH FUND incurs in the collection process.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph.  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

48.[*sic*]       The HEALTH FUND has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies that any conditions precedent would allow the Health Fund to bring suit against it.  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

49.[*sic*]       The HEALTH FUND has been required to employ the undersigned attorneys to collect the amounts that DOCK & DOOR and MIDWEST DOCK owe the HEALTH FUND.

**ANSWER:** Defendant Midwest Dock denies it owes any amounts to the Health Fund and therefore denies the allegations in the above paragraph as they purport to relate to Midwest Dock. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

50.[*sic*]        DOCK & DOOR and MIDWEST DOCK must pay attorneys' fees and court costs that the HEALTH FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph as purports to relate to it. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

51.[*sic*]        This Court should award the HEALTH FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

**ANSWER:** Defendant Midwest Dock denies any amount is "due" to the Health Fund from Midwest Dock and denies the remaining allegations in the above paragraph.

52.[*sic*]        This Court should award the HEALTH FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on the unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Defendant Midwest Dock denies the Health Fund is entitled to any amounts whatsoever and therefore denies the allegations contained in the above paragraph.

## COUNT III

53.[*sic*]        The TRAINEE FUND hereby incorporates paragraphs 1 to 44 above as though fully set forth herein.

**ANSWER:** Defendant Midwest Dock hereby incorporates its answers to paragraphs 1 to 44 above as though fully set forth herein.

54.[*sic*]        DOCK & DOOR and MIDWEST DOCK breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the TRAINEE

19

FUND to determine whether DEFENDANTS have complied with their obligations to contribute to the TRAINEE FUND and/or by failing to pay amounts owed to the TRAINEE FUND based upon the hours worked by employees and/or subcontractors.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph, and therefore further denies that it breached any aspect of the Agreements. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

55.[*sic*]        The Agreements require DOCK & DOOR and MIDWEST DOCK to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the TRAINEE FUND incurs in the collection process.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph.  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

56.[*sic*]        The TRAINEE FUND has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies that any conditions precedent would allow the Trainee Fund to bring suit against it.  Defendant Midwest Dock is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

57.[*sic*]     The TRAINEE FUND has been required to employ the undersigned attorneys to collect the amounts that DOCK & DOOR and MIDWEST DOCK owe the TRAINEE FUND.

**ANSWER:** Defendant Midwest Dock denies it owes any amounts to the Trainee Fund and therefore denies the allegations in the above paragraph as they purport to relate to Midwest Dock. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

58.[*sic*]     DOCK & DOOR and MIDWEST DOCK must pay attorneys' fees and court costs that the TRAINEE FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph as purports to relate to it. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

59.[*sic*]     This Court should award the TRAINEE FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

**ANSWER:** Defendant Midwest Dock denies any amount is "due" to the Trainee Fund from Midwest Dock and denies the remaining allegations in the above paragraph.

60.[*sic*]     This Court should award the TRAINEE FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

   (a)  on the unpaid contributions; or

   (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

21

**ANSWER:** Defendant Midwest Dock denies the Trainee Fund is entitled to any amounts whatsoever and therefore denies the allegations contained in the above paragraph.

## COUNT IV

61.[*sic*]    The SUPPLEMENTAL RETIREMENT FUND hereby incorporates paragraphs 1 to 44 above as though fully set forth herein.

**ANSWER:** Defendant Midwest Dock hereby incorporates its answers to paragraphs 1 to 44 above as though fully set forth herein.

62.[*sic*]    DOCK & DOOR and MIDWEST DOCK breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the SUPPLEMENTAL RETIREMENT FUND to determine whether DEFENDANTS have complied with their obligations to contribute to the SUPPLEMENTAL RETIREMENT FUND and/or by failing to pay amounts owed to the SUPPLEMENTAL RETIREMENT FUND based upon the hours worked by employees and/or subcontractors.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph, and therefore further denies that it breached any aspect of the Agreements. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

63.[*sic*]    The Agreements require DOCK & DOOR and MIDWEST DOCK to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the SUPPLEMENTAL RETIREMENT FUND incurs in the collection process.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies the Agreements place any requirements on it of any kind, including those listed in the above paragraph.  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

64.[*sic*]      The SUPPLEMENTAL RETIREMENT FUND has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant Midwest Dock denies it is party to, or otherwise bound by, the Agreements and therefore denies that any conditions precedent would allow the Supplemental Retirement Fund to bring suit against it.  Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

65.[*sic*]      The SUPPLEMENTAL RETIREMENT FUND has been required to employ the undersigned attorneys to collect the amounts that DOCK & DOOR and MIDWEST DOCK owe the SUPPLEMENTAL RETIREMENT FUND.

**ANSWER:** Defendant Midwest Dock denies it owes any amounts to the Supplemental Retirement Fund and therefore denies the allegations in the above paragraph as they purport to relate to Midwest Dock. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

66.[*sic*]      DOCK & DOOR and MIDWEST DOCK must pay attorneys' fees and court costs that the SUPPLEMENTAL RETIREMENT FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

**ANSWER:** Defendant Midwest Dock denies the allegations contained in the above paragraph as purport to relate to it. Defendant Midwest Dock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph, and therefore denies the same.

67.[*sic*]     This Court should award the SUPPLEMENTAL RETIREMENT FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

**ANSWER:** Defendant Midwest Dock denies any amount is "due" to the Supplemental Retirement Fund from Midwest Dock and denies the remaining allegations in the above paragraph.

68.[*sic*]     This Court should award the SUPPLEMENTAL RETIREMENT FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)   interest on the unpaid contributions; or

(b)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Defendant Midwest Dock denies the Supplemental Retirement Fund is entitled to any amounts whatsoever and therefore denies the allegations contained in the above paragraph.

**WHEREFORE**, Defendant, Midwest Dock, denies that the Trust Funds are entitled to any relief, and respectfully requests that this Court dismiss the Complaint and award Defendant Midwest Dock its costs and reasonable attorneys' fees and any other relief that is just and equitable, as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, Midwest Dock Solutions, Inc., by and through its attorneys, and for its Affirmative Defenses to the Plaintiffs' Complaint, states as follows:

1.     Plaintiffs Complaint is barred because it fails in whole or in part to state a claim upon which relief can be granted.

2.      Defendant Midwest Dock states that to the extent Plaintiffs are asserting claims which occurred outside the applicable statute of limitations period, such claims are time-barred.

3.      Plaintiffs' Complaint, and all claims and requests for damages contained therein, fails with respect to Defendant Midwest Dock because Defendant Midwest Dock was not a signatory to any collective bargaining agreement, Memorandum of Agreement, Trust Agreement and/or any other agreement with any of the individual Plaintiffs.

4.      The Plaintiffs' claims are barred by the operation of the doctrine of laches.

5.      The Plaintiffs' claims are barred by estoppel.

6.      The Plaintiffs' claims are barred by its unclean hands.

7.      The Plaintiffs' claims a barred by waiver.

8.      Defendant Midwest Dock is entitled to a set-off to the extent that any funds paid to Plaintiffs by any party extinguish any underlying claim for damages by Plaintiffs.

9.      Defendant reserves the right to assert such additional affirmative defenses that may become available or apparent, and hereby reserves its right to amend its' Answer to assert such additional affirmative defenses or claims.

WHEREFORE, Defendant, Midwest Dock Solutions, Inc., denies that Plaintiffs are entitled to any relief, and respectfully requests that this Court dismiss Plaintiffs' Complaint and award Defendant its costs and reasonable attorneys' fees and any other relief that is just and equitable, as this Court deems appropriate.


Dated: September 9, 2024                           Respectfully Submitted,
                                                   **MIDWEST DOCK SOLUTIONS, INC.,**

                                                   By: /s/ Jeffrey A. Risch
                                                         One of its Attorneys

Jeffrey A. Risch, Esq. (ARDC No.: 6271407)
Michael F. Hughes, Esq. (ARDC No.: 6279175)
AMUNDSEN DAVIS, LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7922 – Telephone
(630) 587-7960 – Facsimile
JRisch@amundsendavislaw.com
MHughes@amundsendavislaw.com
***Attorneys for Defendant Midwest Dock Solutions, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 9, 2024, he caused the foregoing **DEFENDANT MIDWEST DOCK SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

By: /s/ Jeffrey A. Risch
One of its Attorneys

Jeffrey A. Risch, Esq. (ARDC No.: 6271407)
Michael F. Hughes, Esq. (ARDC No.: 6279175)
AMUNDSEN DAVIS, LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7922 – Telephone
(630) 587-7960 – Facsimile
JRisch@amundsendavislaw.com
MHughes@amundsendavislaw.com
*Attorneys for Defendant Midwest Dock Solutions, Inc.*